UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JW GAMING DEVELOPMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ANGELA JAMES, et al.,<br><br>Defendants. | Case No. 18-cv-02669-WHO (RMI)<br><br>**ORDER**<br>Re: Dkt. No. 105 |

Pending before the court is a jointly filed letter brief (dkt. 105) presenting a discovery dispute wherein Defendant Pinoleville Pomo Nation and related tribal entity defendants ("the Tribe") move to limit the scope of subpoenas issued by Plaintiff to a number of nonparties. The letter brief does not cite any legal authorities as the dispute is strictly over the relevance of certain discovery to a breach of contract claim. For the reasons stated below, the Tribe's motion to further limit the scope of Plaintiff's subpoenas is denied.

**BACKGROUND**

Plaintiff's operative complaint asserts several claims against the Pinoleville Pomo Nation, two limited liability companies, and a number of named and unnamed individuals for breach of contract, fraud and deceit, as well as RICO violations. *See Compl*. (dkt. 1-1) at 2. By way of a motion to dismiss, Defendants unsuccessfully attacked the fraud and RICO claims (*see* dkt. 55), and thereafter filed a notice of appeal (dkt. 57) as to the denial of their motion. Defendants then requested a discretionary stay (dkt. 69) as to the breach of contract claim pending their interlocutory appeal from the denial of their motion to dismiss the other claims – the request was denied (dkt. 85).

In April of 2019, a discovery dispute arose (dkt. 88) wherein the Tribe moved to quash third-party subpoenas issued by Plaintiff to various banks with which the Tribe conducts business. The motion to quash was premised on the argument that the subpoenas are unduly burdensome, and that "Plaintiff is using the subpoena power to obtain information which is <u>only</u> relevant to the fraud and RICO claims, including the Tribe's bank account statements, accounting records, loan application materials, credit card statements, and other financial records." *Id*. at 3 (emphasis supplied). This argument was rejected as well. In an order dated April 12, 2019, the Court began by noting Plaintiff's argument that the subpoenas requested information that was relevant to the reformation remedy for the breach of contract claim. *Discovery Order* (dkt. 90) at 1. Because Plaintiff has alleged that it was fraudulently induced into the contract – based on false representations about how certain sums would be used and about the existence of a matching investment – the Court found that "[t]o the extent JW Gaming's breach of contract claim is based on an allegation the defendants in fact used its money for other purposes, it is entitled to financial documents that show where the money went." *Id*. at 2.[1]

The Court then ordered the Parties to meet and confer in an effort to determine whether the subpoenas may be narrowed in scope in a way that still insures that Plaintiff would receive the documents to which it is entitled. *Id*. Thereafter, while Plaintiff modified the subpoenas to some degree, the Tribe did not offer any proposed modifications, *see Joint Letter Br.* (dkt. 96) at 2-3. Following a hearing on May 24, 2019, the undersigned ordered the parties (dkt. 102) to meet and confer once again and to resubmit proposed modifications for any subpoenas still in dispute. Because a dispute continued to exist as to the proper scope for some of Plaintiff's subpoenas, on June 4, 2019, Plaintiff and the Tribe submitted another jointly filed letter brief (dkt. 105) presenting the remaining subpoenas in dispute.

---

[1] It should be noted that during the two months that followed the entry of Judge Orrick's discovery order of April 12, 2019, the Tribe did not venture to take an interlocutory appeal of that order. However, on June 17, 2019, while the instant discovery dispute was pending, the Tribe appears to have filed a petition for writ of mandamus to seek review of the discovery order in the Court of Appeals, a copy of which was filed on the docket of this case. *See Motion for Writ of Mandamus* (dkt. 107). Therein, the Tribe notes that they "are simultaneously filing in the district court a Motion for a Stay Pending a Petition for a Writ of Mandamus." *Id*. at 6. However, to date, no such motion for a stay has been filed in this court.

2

**DISCUSSION**

Due to the meet and confer process, only a limited number of Plaintiff's subpoenas are still contested. Given that "[t]he Tribe did not propose any further changes to the remaining subpoenas – Citigroup, Del Toro Loan Servicing, Evergreen Escrow, and Bank of America," Plaintiff requests the court issue "an order approving these subpoenas as modified by JW and submitted on April 29 & 30 (Dkt. 97 & 98)." *Joint Letter Br.* (dkt. 105) at 3 n.1. Because the Tribe has not objected or proposed any further modifications as to these subpoenas, the court herewith **ORDERS** that they are approved.

As to the matters currently in dispute, the Tribe contends that their proposed changes to Plaintiff's subpoenas are necessary for "protecting the Tribe from discovery that intrudes on its sovereign immunity." *Id.* at 1. This contention is based on the previously-rejected argument that allowing discovery to go forward on the understanding that it is relevant to the reformation remedy for the breach of contract claim "would exceed the jurisdiction of this court." *Id.* As to temporal limitations, the Tribe proposes a time period between 2010 and 2015, rather than 2005 to 2015, as to one subpoena, *see Exhibit A* (dkt. 105-1) at 2, and a time period between 2010 and 2012, and the duration of 2015, rather than from 2010 until the date of response as to another subpoena, *see Exhibit B* (dkt. 105-2) at 2. In support of these and other proposed further cuts to these subpoenas, the Tribe submits that it is necessary to avoid Plaintiff's "attempt[] to gain access to information to support its claims that the Individual Tribal Defendants committed fraud and were engaged in racketeering activities." *Joint Letter Br.* (dkt. 105) at 2. Thus, the Tribe's proposal to eliminate discovery of three of its bank accounts, and to further limit the temporal scope of Plaintiff's subpoenas, as well as further limitations only discussed in Plaintiff's portion of the joint letter, is premised on the argument that the information sought is relevant only to the fraud and RICO claims now on appeal. *See id.* at 1-3.

Plaintiff contends that although it has already narrowed the scope of the subject subpoenas in an effort to reach a middle-ground, the Tribe now proposes further narrowing of the subpoenas directed at WestAmerica Bank and to an external auditor, Rudolph Vargas. *Id.* at 3. Plaintiff adds that the Tribe's argument in support of the additional limitations avoids the issue of the relevancy

3

of the material sought to be excluded to the reformation remedy for the breach of contract claim, to contract damages, and to the contract's subordination clause. *Id*. As to the Tribe's proposal to eliminate the subpoena's request for all communication that Rudolph Vargas (the outside auditor) has relating to the Tribe, Plaintiff argues that these communications will provide essential context to the Tribe's financial records, and are necessary to explain why the Tribe's liabilities to Plaintiff or the Canales Group do not appear on any of the available audited financials. *Id*. Regarding the Tribe's proposal to eliminate the subpoena's request for all peer review reports, Plaintiff argues that these reports will allow Plaintiff to assess the reliability of the Tribe's financial statements, and are relevant to contract damages, the reformation remedy for the breach of contract claim, and also to a potential violation of the contract's subordination clause (i.e., whether certain sums paid by the Tribe to the Canales Group violated that clause). *Id*. at 3-4. Further, as to the proposed narrowing of the temporal scope of the Vargas subpoena, Plaintiff submits that the narrowing "would omit approximately nine important years of information," during which the "Canales Group was purportedly providing the Tribe consideration for the Tribe's promise to pay [the] Canales Group what is now about $10 million under the Tribe's note to the Canales Group." *Id*. at 4. Plaintiff adds that these proposed temporal cuts would "also omit years from 2015 to present which will provide a picture over time of the Tribe's financial relationship with [the] Canales Group, all of which is relevant to . . . [determining if] known payments [were made] to [the] Canales Group in violation of the . . . subordination clause." *Id*.

Regarding the narrowing of the subpoena to WestAmerica Bank, Plaintiff describes the Tribe's proposed reduction of the temporal scope by about four years as such that would omit information that is relevant to contract damages, the remedy of reformation, and breaches of the subordination clause. *Id*. Specifically, Plaintiff argues that the proposed narrowing would omit relevant and necessary information pertaining to, among other things, the Tribe's calculation of its liabilities to Plaintiff and the Canales Group in financial disclosures to third parties, and to the nature of the payments made by the Tribe to the Canales Group – both of which Plaintiff submits are relevant to whether or not the Tribe's payments to the Canales Group violated the contract's subordination clause. *Id*. Plaintiff adds that "any audited financial statements the Tribe submitted

4

1 to obtain credit [during this period] . . . will contain opinions as to the Tribe's internal controls
2 relevant to its financial reporting, which is relevant to attributing the Tribe's financial reports to
3 the Tribe." *Id.*

4 Finally, regarding the Tribe's proposal to eliminate discovery of three bank accounts
5 (Youth Group, BIA, and HUD), Plaintiff submits that "this proposal could cut information that
6 would likely frustrate and prolong JW's effort to track and trace its money, and to identify
7 payments that violate the . . . subordination clause," as well as the "effort to determine what
8 resources, if any, the Tribe and other defendants put toward development of the project, or if
9 instead, they sought to frustrate the project waiting for the statute of limitations to run on JW's
10 note such that it became unenforceable and the only remaining enforceable note was the one to
11 [the] Canales Group." *Id.* at 4-5. Plaintiff submits that the "broad overview of the Tribe's financial
12 information," represented by the discovery of these three bank accounts was rendered necessary
13 by the Tribe's own behavior in co-mingling Plaintiff's investment with other investments and
14 expenditures, such as "to obscure the origin and disposition" of Plaintiff's money. *Id.* at 5.
15 Specifically, Plaintiff notes that this information is necessary for Plaintiff to be able to "track and
16 trace how its cash was spent, what resources the Tribe and [the] Canales Group invested in the
17 casino project, and all conveyances of assets to [the] Canales Group in violation of the JW Note's
18 subordination clause." *Id.*

19 Judge Orrick previously ordered that "[t]o the extent JW Gaming's breach of contract
20 claim is based on an allegation the defendants in fact used its money for other purposes, it is
21 entitled to financial documents that show where the money went." *Discovery Order* (dkt. 90) at 2.
22 In light of that, the court finds that the Tribe's argument about this information being relevant only
23 to the fraud and RICO claims on appeal to be unpersuasive. Plaintiff has made a clear case of
24 relevance to the breach of contract claim for each of the categories of information encompassed by
25 the Tribe's proposed further narrowing of the subject subpoenas.
26 //
27 //
28 //

5

## CONCLUSION

Accordingly, Plaintiff's subpoenas are approved in their modified form, and the Tribe's motion to further narrow the subpoenas is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 19, 2019

_____
ROBERT M. ILLMAN
United States Magistrate Judge