UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JW GAMING DEVELOPMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ANGELA JAMES, et al.,<br><br>Defendants. | Case No. 18-cv-02669-WHO (RMI)<br><br>**ORDER**<br><br>Re: Dkt. No. 139 |

Currently pending before the court is a document entitled, "Statement re Discovery (Separate)," through which Plaintiff presents 7 discovery disputes. *Letter Br.* (dkt. 139). The disputes are related to a variety of issues including the adequacy of responses to interrogatories, document requests, and requests for admission, as well as issues concerning deposition requests and the propriety of a third-party subpoena. *See generally id*. at 1-18. Plaintiff represents that Defendants refused to participate in the Letter Brief and that unilateral filing was warranted by the fact that these disputes "have been long festering," and "because of the imminence of other issues," as well as the contention that Defendants' "seemingly shifting positions . . . appears to be an effort to thwart the filing of this statement." *Id*. at 1 n.1.

Section 13 of the undersigned's General Standing Order governs discovery disputes and provides that they are to be presented in a jointly-filed letter brief, not to exceed 5 pages. Plaintiff's unilaterally-filed letter brief of 18 pages does not comply with either of these requirements. Further, §13(b) of the General Standing Order provides that in the event that a moving party is unable to obtain the opposing party's portion of a joint letter, the moving party shall file a written request for a telephone conference with the court such that the court may

enforce the procedures described in the General Standing Order or fashion an alternative procedure. Instead, Plaintiff has filed a unilateral discovery letter brief that exceeds the page limitations several times over. The court will remind the Parties that they should file discovery motions "only in extraordinary situations that implicate <u>*truly significant interests*</u>." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)) (emphasis added).

With that in mind, Plaintiff's motion (dkt. 139) is **DENIED**, the Parties are **ORDERED** to meet and confer, in person, no later than Monday, November 18, 2019, in a good faith effort to resolve or narrow the 7 disputes presented in Plaintiff's letter brief. Thereafter, if any issues remain in dispute, the Parties are **ORDERED** to file a joint letter brief that complies with the requirements set forth in Section 13 of the General Standing Order no later than 12:00 pm on Tuesday, November 19, 2019.

**IT IS SO ORDERED.**

Dated: November 12, 2019

_____
ROBERT M. ILLMAN
United States Magistrate Judge

2