UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JW GAMING DEVELOPMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ANGELA JAMES, et al.,<br><br>Defendants. | Case No. 3:18-cv-02669-WHO<br><br>**ORDER DENYING TRIBAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTS TWO THROUGH SIX**<br><br>Re: Dkt. No. 184, 195 |

Plaintiff JW Gaming argues that numerous individual defendants committed fraud and violated the Racketeer Influenced and Corrupt Organizations Act (RICO) beginning in 2008 in an effort to induce it to invest $5.38 million in the casino project of defendant Pinoleville Pomo Nation ("the Tribe"[1]). Years later after JW Gaming had made the full investment, it entered into a contract with the Tribe to memorialize the loan. On January 21, 2020, I determined that the Tribe had breached the contract as a matter of law by failing to repay the money according to the terms agreed to by the parties. I also denied the Tribal Defendants'[2] motion for summary judgment on all the claims against them.

Now the Tribal Defendants move for summary judgment a second time, arguing that the election of remedies doctrine bars JW Gaming from pursuing the pending fraud and RICO claims because of my ruling on breach of contract. As I have already determined, to the extent JW

---

[1] "The Tribe" also refers to defendants the Pinoleville Gaming Commission, the Pinoleville Business Board, and Pinoleville Economic Development, LLC.

[2] "The Tribal Defendants" include the Tribe and the following Individual Tribal Defendants: Angela James, Leona Williams, Lenora Steele, Kathy Stallworth, Michelle Campbell, Julia Maldonado, Donald Williams, Veronica Timberlake, Cassandra Steele, Jason Edward Running Bear Steele, and Andrew Stevenson.

1  Gaming's alleged harm is the same, it will not be able to recover twice. However, the election
2  need not be made until final judgment is about to be entered; there is no substantial prejudice to
3  the Tribal Defendants in waiting until then. Accordingly, I deny their motion.

**BACKGROUND**

JW Gaming initiated this case in state court on March 1, 2018, and the defendants removed it to federal court on March 7. Dkt. Nos. 1, 1-1. On October 5, 2018, I denied the defendants' motions to dismiss and motion to strike. Dkt. No. 55. The Individual Tribal Defendants filed an interlocutory appeal of my Order denying their assertion of tribal immunity for the fraud and RICO claims, and the Ninth Circuit affirmed my denial of tribal immunity on October 2, 2019. Dkt. No. 123. The United States Supreme Court recently denied the Tribal Defendants' petition for a writ of certiorari. *See* Dkt. Nos. 165, 183.

The Tribal Defendants moved for summary judgment on October 16, 2019, and JW Gaming moved for partial judgment on the pleadings on October 30, 2019. Dkt. Nos. 129, 136. Both sides agreed that no disputes of material fact prevented judgment on the breach of contract claim, which rested on the proper interpretation of the contract. On January 21, 2020, I granted JW Gaming's motion for judgment on the pleadings of the breach of contract claim and denied the Tribal Defendants' motion in its entirety. Order on Motion for Summary Judgment, Motion for Judgment on the Pleadings, Etc. ("SJ Order") [Dkt. No. 178].

In their motion, the Individual Tribal Defendants asserted that they were entitled to summary judgment on the fraud and RICO claims because JW failed to allege a harm that was distinct from the harm from the breach of contract damages. Addressing that argument, I wrote:

> JW Gaming's damages for all its causes of action stem from the $5.38 million it loaned to the Tribe; it cannot recover that money more than once. At the hearing, JW Gaming reaffirmed its request for judgment on the breach of contract claim, notwithstanding the potential impact that choice might have on its fraud and RICO claims. As for whether the remaining claims are impacted, I will address those issues after the parties have fully briefed them.

*Id.* at 14. Claims remain pending in this case, including against defendants who have not been involved in the summary judgment motions just described.[3] No judgment has been entered.

---

[3] Those defendants are the Canales Group, LLC, Michael Canales, Melissa Canales, Kelly

2

On February 28, 2020, the Tribal Defendants moved for summary judgment a second time.[4] Motion for Partial Summary Judgment ("Mot.") [Dkt. No. 184]. On March 23, 2020, I vacated the hearing on the motion. Dkt. No. 190.

## DISCUSSION

The Tribal Defendants argue that by moving for judgment in its favor on the breach of contract claim, JW Gaming elected that remedy over the inconsistent remedy for fraud and RICO. Accordingly, the Individual Tribal Defendants are entitled to judgment on the remaining causes of action. JW Gaming counters that the election of remedies doctrine does not apply and that pursuing its claims to final judgment does not mean that it will recover the same damages twice.

The question before me is whether the doctrine of election of remedies bars JW Gaming from pursuing its claims at this stage. As explained by a California Court of Appeal:

> Broadly speaking, election of remedies is the act of choosing between two or more concurrent but inconsistent remedies based upon the same set of facts. Ordinarily, a plaintiff need not elect, and cannot be compelled to elect, between inconsistent remedies during the course of trial prior to judgment. The doctrine of election of remedies is but a specific application of the doctrine of equitable estoppel. The doctrine rests on the rationale that when plaintiff has pursued a remedy which is inconsistent with an alternative remedy and thereby causes the defendant substantial prejudice, plaintiff should be estopped from pursuing the alternative remedy.

*Baker v. Superior Court*, 150 Cal. App. 3d 140, 144 (1983). No election of remedies is required prior to judgment unless there is "substantial prejudice" to the defendant. *See id.*; *Sharpe v. FDIC*, 126 F.3d 1147, 1153 (9th Cir. 1997). In addition, the doctrine only applies where the plaintiff seeks alternative remedies based on the same set of facts. *Gen. Ins. Co. v. Mammoth Vista Owners' Ass'n*, 174 Cal. App. 3d 810, 828 (1985); *see Lifeline Food Co. v. Gilman Cheese Corp.*, No. 5:15-cv-00034-PSG, 2015 U.S. Dist. LEXIS 64155, at *13 (N.D. Cal. May 15, 2015) (determining that the doctrine barred a false promise claim because it "ar[ose] out of the same obligations and operative facts as [the party's] breach of contract claim"). "The doctrine is no

---

Canales, Lori Canales, and John Tang.

[4] The Tribal Defendants did not properly notice their motion on the 35-day timeline required by Civil Local Rule 7–2. My Standing Order for Civil Cases also requires that parties seek leave to file more than one motion for summary judgment; however, I will look past this oversight because my Order invited briefing on the election of remedies issue.

3

longer strictly enforced in the federal courts." *Phleger v. Countrywide Home Loans, Inc.*, No. 07-cv-01686-SBA, 2009 U.S. Dist. LEXIS 17419, at *26-27 (N.D. Cal. Mar. 3, 2009); *see also Baker*, 150 Cal. App. 3d at 145 ("Courts and commentators have long recognized the harshness of the election of remedies doctrine and have for some time looked upon it with disfavor.").

The election of remedies doctrine does not bar JW Gaming from pursuing the merits of its fraud and RICO claims. These causes of action are based on different operative facts, arise from different duties, and are pleaded against different defendants than the breach of contract claim. *See Waffer Internat. Corp. v. Khorsandi*, 69 Cal. App. 4th 1261, 1278 (1999) ("Nor is a tort claim forfeited by election of remedies if the facts material to the contract claim arise at a different time than those material to the tort claim, nor if the contract and tort claims arise out of different rights and duties.") (internal citations omitted). JW Gaming alleges that the individual defendants in this case, including the Individual Tribal Defendants—but not the Tribe itself—made false representations to induce JW Gaming to invest in the casino project, and then they used the money for personal gain. This alleged conduct occurred years before the contract was ever executed, and the individuals who are defendants to the fraud and RICO claims were not parties to the contract. These differences alone prevent the doctrine from applying here.

In addition, the Tribal Defendants have not shown that they would be substantially prejudiced if JW Gaming is permitted to pursue counts two through six to final judgment. In the cases they cite, one party took action to elect the breach of contract remedy by obtaining a writ of attachment in state court. *See* Mot. 6-8 (citing *Sears, Roebuck & Co. v. Metro. Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *Roam v. Koop*, 41 Cal. App. 3d 1035, 1040-41 (1974); *Steiner v. Rowley*, 35 Cal. 2d 713, 720 (1950)). Here, by contrast, no judgment has been entered, and JW Gaming has no authority to pursue payment on the breach of contract claim. Even if a prejudgment remedy had been granted, the doctrine would not apply for the reasons explained above. *See Waffer*, 69 Cal. App. 4th at 1280 (determining that the doctrine did not apply even where a writ of attachment was obtained because it involved a different party and a different claim).

The Tribal Defendants further argue that JW Gaming should be estopped from pursuing its

4

fraud and RICO claims based on the following statement in earlier briefing:
> In response to the Court's comments during the hearing on December 4, 2019, JW Gaming also reiterates its request that the Court issue final judgment in favor of JW Gaming on its claim for breach of contract, provided that enforcement and collection of the judgment against the Tribe and Pinoleville Gaming Authority shall not be restricted to any particular assets of either of them. JW Gaming elects such full-recourse judgment on the contract in lieu of tort remedies.

Dkt. No. 160 at 19; *see* Reply 2–4. I disagree that this statement binds JW Gaming. As I noted in my Summary Judgment Order, at that time the parties had not fully explored the impact a ruling on breach of contract might have on the remaining claims. That briefing is before me now. As noted above, no judgment has been entered in this case, and JW Gaming lacks any right to enforce my ruling against the Tribe.[5]

Finally, the Tribal Defendants argue that JW Gaming cannot pursue punitive damages because an award of compensatory damages on the remaining claims would result in double recovery. Mot. 9. But a jury's finding of liability and an *entitlement* to compensatory damages could provide the basis for a punitive damages award even if JW Gaming does not in fact recover the compensatory damages. *See Yates v. Nimeh*, 486 F. Supp. 2d 1084, 1088 (N.D. Cal. 2007) (noting that a plaintiff could still recover punitive damages even though his compensatory damage claim had been offset); *see also UTHE Tech. Corp. v. Aetrium, Inc.*, 808 F.3d 755, 761-62 (9th Cir. 2015) (holding that compensation pursuant to a judgment in a different tribunal did not prevent the plaintiff from seeking treble damages under RICO). It remains true that JW Gaming will not be able to recover the $5.38 million it loaned twice. *See* SJ Order 14. In the event of findings in favor of JW Gaming on the remaining claims, I can structure the remedy to avoid double recovery. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 51 n.14 (1974) ("[J]udicial relief can be structured to avoid such windfall gains.").

The doctrine of election or remedies is an equitable one. *See Waffer Internat. Corp. v.*

---
[5] On March 23, 2020, JW Gaming filed a motion for entry of partial judgment on claim one under Federal Rule of Civil Procedure 54(b) in the alternative to its motion for summary judgment on claims two and three. Dkt. No. 191. That motion is set to be heard on May 27, 2020. Dkt. No. 194. The Tribal Defendants have requested an extension of time to respond to that motion pending this Order. Dkt. No. 195. That request is DENIED AS MOOT; the Tribal Defendants shall respond to the motion by April 27, 2020 as provided at Dkt. No. 194.

*Khorsandi*, 69 Cal. App. 4th 1261, 1279 (1999) ("Before an equitable estoppel can properly be applied, there must be an inequity to be remedied by the estoppel."). There is no inequity to be remedied at this stage; the doctrine does not apply.

## CONCLUSION

For the reasons set forth above, the Tribal Defendants' second motion for summary judgment is DENIED.

**IT IS SO ORDERED.**

Dated: April 3, 2020

William H. Orrick
United States District Judge