UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JW GAMING DEVELOPMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ANGELA JAMES, et al.,<br><br>Defendants. | Case No.  3:18-cv-02669-WHO<br><br>**ORDER DENYING STEVENSON, TIMBERLAKE, WILLIAMS, STEELE, AND MALDONADO MOTIONS FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. Nos. 210, 211, 212 |

JW Gaming brings claims arising out of the contract it entered into with defendant Pinoleville Pomo Nation ("the Tribe") in 2012 and the years of negotiations and investment that preceded the contract's execution.  The sixteen defendants associated with the Tribe changed counsel in April 2020, and before me now are motions for judgment on the pleadings by six of the individual defendants:  Andrew Stevenson, Donald Williams, Veronica Timberlake, Cassandra Steele, Jason Steele, and Julian Maldonado.  These defendants argue, more than two years after their initial motion to dismiss, that the fraud and Racketeering Influenced and Corrupt Organizations Act ("RICO") claims against them cannot proceed because the Complaint fails to allege conduct that is specific to them as individuals.  The allegations against these defendants, while thin, are plausible, and I will deny the motions.

**BACKGROUND**

JW Gaming initiated this case in state court on March 1, 2018, and the defendants removed it to federal court on March 7.  *See* Complaint ("Compl.") [Dkt. No. 1-1].  On October 5, 2018, I denied the defendants' motions to dismiss and motion to strike.  Order Denying Motion to Dismiss ("MTD Order") [Dkt. No. 55].  On January 21, 2020, I granted JW Gaming's motion for judgment on the pleadings of the breach of contract claim and denied the Tribal Defendants' motion for

1  summary judgment.  Dkt. No. 178.  On April 3, 2020, I denied a second motion for summary

2  judgment by the Tribal Defendants on the fraud and RICO causes of action.  Dkt. No. 196.

3  After changing counsel in mid-April, Stevenson, Williams, Timberlake, the Steeles, and

4  Maldonado raised their intention to file additional motions during a Case Management

5  Conference, and I reminded them that any subsequent motions should not re-tread ground already

6  covered in this case.  *See* Dkt. No. 208.  Until the motions before me now, the Tribe, the entities

7  associated with the Tribe, and all eleven individual tribal defendants have litigated this case as

8  one.  In their initial motion to dismiss, they argued that the Complaint was barred by tribal

9  sovereign immunity, that JW Gaming lacked standing to pursue its RICO claims, and that the suit

10 was barred by the intra-tribal dispute doctrine.  MTD Order 5–8.  Their challenges to the

11 sufficiency of the pleadings were focused broadly on whether JW Gaming had alleged fraud with

12 particularity and predict acts for purposes of RICO.  *See id.* at 8–11.

13 Now before me are three motions that adopt a different strategy.  According to the

14 Complaint, Stevenson, Williams, and Timberlake are members-at large of the seven-member

15 Tribal Council.  Compl. ¶¶ 66, 68, 70, 393.  Cassandra Steele and Jason Steele, the adult children

16 of defendant Angela James, have served as the secretary and treasurer of the Tribal Council since

17 2011.  Compl. ¶¶ 54–55, 57–58, 413.  Julian Maldonado was an employee of the Tribe and the

18 live-in partner of defendant Angela James.  Compl. ¶¶ 63–64.  All six defendants argue that the

19 relatively few allegations in the Complaint about them are insufficient to keep them in this case.

20                                          **LEGAL STANDARD**

21 A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c)

22 utilizes the same standard as a motion to dismiss for failure to state a claim under Federal Rule of

23 Civil Procedure 12(b)(6).  *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d

24 1047, 1055 n.4 (9th Cir. 2011).  Under both provisions, the court must accept the facts alleged in

25 the complaint as true and determine whether they entitle the plaintiff to a legal remedy.  *Chavez v.*

26 *United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation omitted).  Either motion may be

27 granted only when it is clear that "no relief could be granted under any set of facts that could be

28 proven consistent with the allegations."  *McGlinchy v. Shull Chem. Co.*, 845 F.2d 802, 810 (9th

United States District Court
Northern District of California

Cir. 1988) (citations omitted).  Dismissal may be based on the absence of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F. 2d 530, 534 (9th Cir. 1984).

A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Although the court must accept as true the well-pleaded facts in a complaint, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).

## DISCUSSION

Before addressing the specific bases of the defendants' challenges, I address two of JW Gaming's counterarguments because they relate more generally to the appropriateness of the pending motions.  First, JW Gaming argues that I already addressed the sufficiency of the pleadings when denying the Tribal Defendants' collective motion to dismiss the Complaint.  Oppo. 5–6.  While that motion did raise the sufficiency of the pleadings, it did so on behalf of an undifferentiated group of eleven Individual Tribal Defendants.[1]  Here, by contrast, Stevenson, Timberlake, Williams, the Steeles, and Maldonado challenge their individual inclusion as defendants by isolating the allegations that specifically refer to them.  I do not agree that these motions re-tread ground; to the extent they do, I exercise my inherent authority to reconsider the issue.

Second, JW Gaming argues that it is improper to consider the adequacy of the pleadings at

---

[1] There is at best one sentence that refers to a list of individuals with "more minor roles in the alleged scheme."  Dkt. No. 6 at 18.

this late stage in the case when significant discovery has been conducted and it has a pending

motion for summary judgment, including against these defendants.  These motions are late, but a

motion for judgment on the pleadings is not procedurally improper at this stage.  If there were

truly no plausible allegations against these defendants, it would be in the interest of justice to

dismiss them from the case.  As explained below, however, the allegations are sufficient.

### A.     Fraud

Rule 9(b) of the Federal Rules of Civil Procedure requires plaintiffs to plead fraud with

particularity.  Fed. R. Civ. P. 9(b). The complaint must identify "the circumstances constituting

fraud so that the defendant can prepare an adequate answer from the allegations."  *Bosse v.*

*Crowell Collier & MacMillan*, 565 F.2d 393, 397 (9th Cir. 1973).  The information should include

"the time, place, and specific content of the false representations as well as the identities of the

parties to the misrepresentation."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d

1393, 1401 (9th Cir. 1986).  While allegations of specific falsities by each defendant are not

necessary, the plaintiff must identify each one's role in the scheme.  *Swartz v. KPMG LLP*, 476

F.3d 756, 764–65 (9th Cir. 2007); *see also In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales*

*Practices, & Prod. Liab. Litig.*, 295 F. Supp. 3d 927, 973 (N.D. Cal. 2018) ("In the context of a

fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each

defendant in the alleged fraudulent scheme.").

Stevenson, Williams, Timberlake, and the Steeles argue that the fraud allegations, set forth

in paragraphs 304–82 of the complaint, are insufficient as a matter of law.  According to the

Complaint, Stevenson, Williams, and Timberlake are members-at large of the seven-member

Tribal Council.  Compl. ¶¶ 66, 68, 70, 393.  The Complaint does not allege dates associated with

their tenure on the Tribal Council, including, as relevant here, whether they were members from

2008 to 2012.  *See* Stevenson, Williams, Timberlake MJP 3.  The Complaint identifies Cassandra

Steele as the secretary of the Tribal Council and Jason Steele as the treasurer, positions they have

held since 2011.  Compl. ¶¶ 54, 57, 413.

Stevenson, Williams, Timberlake, and the Steeles are named nowhere in the fraud

allegations other than the header.  They are not included in the group of "Principal Fraudsters" or

4

United States District Court
Northern District of California

"Financial Fixers," and they are not alleged as responsible for any actions related to the Sham 2008 Canales Note, the Falsified 2011 Accounting, or the Sham 2012 Canales Note.  *See* Compl. ¶¶ 305, 307, 328–30, 371.  The Complaint alleges individual actions, knowledge, and intent of various individuals including the Principal Fraudsters and Financial Fixers, but none by Stevenson, Williams, or Timberlake.  *See id.* ¶¶ 314–15, 357, 361, 373, 377–81.

JW Gaming argues that Stevenson, Williams, Timberlake, and the Steeles are proper defendants to the fraud claim because the Tribal Council must approve the decision to waive sovereign immunity, which the Tribe did for purposes of executing the 2012 contract with JW Gaming.  Oppo. 6–7; *see* Compl. ¶¶ 256, 420.  According to JW Gaming, this approval requirement shows that these defendants must have known about or participated in fraudulent Sham 2008 and 2011 Canales Notes, which included such a waiver.  Oppo. 6–7.  Further, the Complaint alleges that the Tribal Council reviews the Tribe's financial report at each meeting. Compl. ¶¶ 419, 421.  JW Gaming argues that this fact permits the inference that they were aware of and approved the Falsified 2011 Accounting, which grossly misrepresented various aspects of the Tribe's finances.

Especially at this late stage of the case, I conclude that the facts alleged are sufficient to plausibly plead a fraud claim against these five defendants.  Although other names surface much more frequently in the Complaint, there are allegations that permit an inference that the Tribal Council reviewed and approved of fraudulent acts that are at the center of this case.

**B.     RICO**

To plausibly allege a RICO claim, JW Gaming must plead that the defendants "conduct[ed] or participate[d], directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity."  18 U.S.C. § 1962(c).  The elements of a RICO claim are:  (i) the conduct of (ii) an enterprise that affects interstate commerce (iii) through a pattern (iv) of racketeering activity or collection of unlawful debt.  *Id.*; *see Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014).  "Like co-conspirators, knowing participants in the scheme are legally liable for their co-schemers' use of the mails or wires."  *United States v. Stapleton*, 293 F.3d 1111, 1117 (9th Cir. 2002).  "RICO's purpose is to reach all involved in the

1    scheme of organized crime, whether they are generals or foot soldiers." *Tatung Co., Ltd. v. Shu*

2    *Tze Hsu*, 217 F. Supp. 3d 1138, 1153 (C.D. Cal. 2016) (internal quotation marks and citation

3    omitted).

4           Stevenson, Williams, Timberlake, the Steeles, and Maldonado characterize their challenge

5    as follows:

> Although these defendants do not challenge plaintiff's allegation of
> an association-in-fact enterprise generally, they contend that the
> complaint lacks plausible factual allegations showing their conduct or
> participation in the conduct of the enterprise. Their motion raises the
> question whether the particular allegations about them are sufficient
> to subject them to liability for conducting the affairs of the enterprise.

9    Stevenson, Williams, Timberlake MJP 12; *see also* Steele MJP 12; Maldonado 10.[2]  They assert

10   that although I have already determined that JW Gaming properly pleaded wire fraud and money

11   laundering predicate acts, they cannot be liable "in the absence of specific factual allegations

12   connecting them to those acts." *Id.* at 20.  They rely on the "operation or management" test in

13   *Reves v. Ernst & Young*, 507 U.S. 170 (1993) to argue that they did cannot be liable under RICO

14   without allegations that they had a role in directing the enterprise.

15          In *Reves*, the Supreme Court determined, "In order to 'participate, directly or indirectly, in

16   the conduct of such enterprise's affairs,' one must have some part in directing those affairs." *Id.* at

17   179.  The Court noted that this test does not limit liability to "those with primary responsibility for

18   the enterprise's affairs" or "those with a formal position in the enterprise." *Id.*  It further clarified

19   that "[a]n enterprise is 'operated' not just by upper management but also by lower rung

20   participants in the enterprise who are under the direction of upper management." *Id.* at 184.  Some

21   courts have understood the *Reves* test to clarify the difference between lower-rung members of the

22   enterprise who are inside the "chain of command"—and thus can be liable—with those who fall

23   outside the chain of command entirely." *See, e.g.*, *MCM Partners, Inc. v. Andrews-Bartlett &*

24   *Assocs., Inc.*, 62 F.3d 967, 978 (7th Cir. 1995); *United States v. Oreto*, 37 F.3d 739, 750 (1st Cir.

25   1994) (noting that while certain individuals may not have had a role in decision-making, they

26   "were plainly integral to carrying out the collection process"); *see also Jaguar Cars, Inc. v. Royal*

27

28   _____

[2] The language in the Steele and Maldonado motions is nearly identical.

*Oaks Motor Car Co.*, 46 F.3d 258, 266 (3d Cir. 1995) (noting that the holding in *Reves* was based on the fact that the individuals at issue were independent of the enterprise). "'[S]imply performing services for the enterprise,' or failing to stop illegal activity, is not sufficient." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. MDL-2672-CRB, 2017 WL 4890594, at *16 (N.D. Cal. Oct. 30, 2017) (quoting *Walter v. Drayson*, 538 F.3d 1244, 1248–49 (9th Cir. 2008)) (concluding that a company's role was sufficiently alleged where its "final-approval right made it 'indispensable to achievement of the enterprise's goals,' and provided it with a position in the 'chain of command' of the enterprise").

JW Gaming alleges that the defendants were part of an illegal enterprise that fraudulently obtained millions of dollars from outsiders and diverted the Tribe's cash and other assets for their personal use. The late challenge by the six defendants before me rests too narrowly on distancing themselves from the specific actions that comprise the elements of wire fraud and money laundering. They need not have committed these specific acts to have had role in the enterprise and been part of the chain of command. According to JW Gaming, the Tribal Council reviewed and approved the fraudulent Canales Notes and the Tribe's finances along with directing the alleged government shell. *See* Compl. ¶¶ 414–22. Finally, according to JW Gaming, Maldonado has served as a conduit for over a quarter million dollars of laundered money. *See* Compl. ¶¶ 448–55. These allegations are enough to state a RICO claim.

## CONCLUSION

While the defendants before me raise legitimate weaknesses regarding the specific allegations against them, those weaknesses are not enough for judgment in their favor on the pleadings alone. The motions are DENIED.

**IT IS SO ORDERED.**

Dated: July 6, 2020

William H. Orrick
United States District Judge