UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JW GAMING DEVELOPMENT, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ANGELA JAMES, et al.,<br><br>    Defendants. | Case No. 3:18-cv-02669-WHO<br><br>**ORDER DENYING JW GAMING'S MOTION FOR SUMMARY JUDGMENT ON FRAUD AND RICO CLAIMS**<br><br>Re: Dkt. Nos. 191, 231 |

Before me is plaintiff JW Gaming Development, LLC's motion for summary judgment against all seventeen of the remaining defendants on the two causes of action still pending in this case. Its fraud claim is asserted against: ten Individual Tribal Defendants from the Pinoleville Pomo Nation (Angela James, Leona Williams, Lenora Steele, Michelle Campbell, Kathy Stallworth, Jason Steele, Cassandra Steele, Veronica Timberlake, Donald Williams, and Andrew Stevenson); two of the Canales Defendants (Michael Canales and Melissa Canales); and John Tang. The claim for violations of the Racketeering Influenced and Corrupt Organizations Act (RICO) is asserted against all thirteen of those defendants along with Individual Tribal Defendant Julian Maldonado and three additional Canales Defendants (Lori Canales, Kelly Canales, and the Canales Group LLC). JW Gaming seeks a total of $21,520,000 in damages for these two causes of action.

JW Gaming first argues that the Individual Tribal Defendants conceded the truth of the allegations in the Complaint when, in their two motions for summary judgment, they "admit[ted] the allegations in the Complaint are undisputed for purposes of [that] motion only." Dkt. No. 184 at 2 n.1; *see* Dkt. Nos 129 at 3 n.2 (using similar language). Although these conditional concessions may have been ill advised, I decline to find that they prevent the Individual Tribal

Defendants from raising factual disputes and defending themselves against these claims. JW Gaming's argument that a conditional concession is invalid relies entirely on dicta from a Ninth Circuit cases that has apparently been cited by courts only sixteen times since it was decided in 1957. *See Lloyd v. Franklin Life Ins. Co.*, 245 F.2d 896, 897 (9th Cir. 1957) ("A concession of fact on motion for summary judgment establishes the fact for all time between the parties."); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, No. 03-cv-1431, 2011 WL 2912910, at *21 (D. Nev. July 18, 2011) (determining that the *Lloyd* statement was dicta because the court's "decision did not turn on the concession"), *aff'd in part, rev'd in part on other grounds,* 715 F.3d 716 (9th Cir. 2013),[1] *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, (2015). It would be unjust to allow two footnotes to preclude the Individual Tribal Defendants from mounting a defense to a multi-million-dollar judgment.

Further, the briefing before me shows that summary judgment is far from appropriate. Contrary to JW Gaming's assertions, there are numerous disputes of material fact that must be resolved by a jury. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The seventeen defendants cite facts that demonstrate dozens of material disputes, including their respective roles in the parties' dealings, their knowledge, and their intent. Most notably, summary judgment is rarely proper where a cause of action requires a plaintiff to prove intent, which is an element of the fraud claim and of the predicate acts for purposes of RICO. *See Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982) (noting that "questions of subjective intent so rarely can be decided by summary judgment"). JW Gaming's motion for summary judgment is DENIED.[2]

In the alternative, JW Gaming moves for an entry of partial judgment on Claim One under

---

[1] Considering *In re W. States* on appeal, the Ninth Circuit did not correct (or address at all) the district court's view of the *Lloyd* case. To the contrary, if the Ninth Circuit had considered the defendants' concession binding under *Lloyd*, surely it would have granted summary judgment in favor of the plaintiffs in that case.

[2] The Individual Tribal Defendants moved to strike evidence submitted with JW Gaming's reply. Dkt. No. 31. The motion is DENIED AS MOOT because I did not consider this evidence in denying JW Gaming's motion for summary judgment. As far as the Tribal Defendants' evidentiary objections, including to evidence submitted with the other defendants' oppositions, I will address the admissibility of evidence during motions in limine or at trial. In addition, JW Gaming's request for judicial notice of evidence submitted with its reply is DENIED AS MOOT because I did not rely on that evidence in resolving the instant motion.

Federal Rule of Civil Procedure 54(b), which allows the district court to "direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The district court's assessment of equitable factors receives "'substantial deference.'" *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980)).

On January 21, 2020, I granted summary judgment in favor of JW Gaming on its claim for breach of contract. Dkt. No. 178. There is no doubt that the claim has been fully resolved, and JW Gaming argues that the equities weigh in favor of a partial final judgment because: (i) the claim proceeded against a distinct group of defendants (the Pinoleville Pomo Nation Tribe itself and tribal entities), (ii) despite some factual overlap, "the operative analysis of the claims is sufficiently distinct," and (iii) the Tribe's continually accruing debt jeopardizes JW Gaming's ability to collect damages.

I will not exercise my discretion to enter partial judgment on the breach of contract claim. Because of the complex and overlapping nature of the claims at issue in this case, judicial economy does not favor an early judgment. Further, as I have noted before, all of JW Gaming's damages for the claims it asserts stem from the $5.38 million it invested in the casino project. It cannot recover twice; depending on the outcome of its fraud and RICO claims, JW Gaming will be required to elect just one remedy.

JW Gaming's motion for summary judgment or entry of partial final judgment is DENIED. The July 8, 2020 hearing on the motion is VACATED.

**IT IS SO ORDERED.**

Dated: July 6, 2020

William H. Orrick
United States District Judge