UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JW GAMING DEVELOPMENT, LLC, <br> Plaintiff, <br> v. <br> ANGELA JAMES, et al., <br> Defendants. | Case No. 18-cv-02669-WHO (RMI) <br><br> **ORDER RE: ENFORCEMENT OF PRIOR DISCOVERY ORDER; AND SETTING FORTH A BRIEFING SCHEDULE FOR POST-HEARING BRIEFS** |

On June 11, 2021, the undersigned entered an order (dkt. 357) granting Plaintiff's motion to compel Defendant Pinoleville Pomo Nation ("PPN") to provide responses to 11 interrogatories and 13 requests for production. The court set the deadline for PPN's compliance at 12:00 noon on Wednesday, June 16, 2021, such that the material could be used and relied upon by Plaintiff at the July 1, 2021, hearing on PPN's Claim of Exemption ("COE") with regards to certain funds that are involved in Plaintiff's efforts to enforce its judgment against PPN. *See id*. at 8. PPN neither complied with that deadline, nor did it ask for a stay to be issued by either the undersigned or by Judge Orrick. Instead, on the day of the deadline, PPN filed a motion before Judge Orrick (dkt. 360) seeking relief from that order and claiming, *inter alia*, that the undersigned lacked authority to enter that order. The following day, in open court (*see* dkt. 361), Judge Orrick denied PPN's motion and overruled all of its objections to that discovery order. PPN then asked Judge Orrick for an extension of time to comply with the June 11th order – which Judge Orrick denied by informing PPN that such a request should be addressed to the undersigned. *Id*. Judge Orrick then issued a written order (dkt. 363) that, *inter alia*, reiterated those holdings.

Thereafter, PPN neither made any effort to comply with the June 11th order directing it to

1    provide discovery, nor did PPN file a motion for an extension of time – in fact, PPN remained
2    silent about its non-compliance with the above described orders until the undersigned raised the
3    matter with PPN *during* the COE hearing on July 1, 2021. In response, PPN made it clear that it
4    had not tendered any of the discovery in compliance with the June 11th order, and that it was
5    unable to even say when it might do so. The undersigned then informed counsel for PPN that the
6    court expected an answer no later than the following day, Friday, July 2, 2021. Instead of filing a
7    motion for an extension of time to comply and providing good cause – shortly after 6:00 pm on
8    Friday, July, 2, 2021, counsel for PPN emailed a letter to the court's deputy clerk stating that PPN
9    "is requesting three additional weeks to deliver the requested discovery" because PPN's Chief
10   Financial Officer, Ms. Stallworth, has been busy in the following regards: (1) helping counsel
11   prepare for the July 1, 2021, COE hearing as well as "other litigation matters"; (2) that Ms.
12   Stallworth is also currently busy (dealing with an audit and producing some quarterly financial
13   reports); (3) that there are office closures related to the 4th of July holiday weekend; and, (4) that
14   Ms. Stallworth "has considered taking time off for stress . . . [and] is personally asking the court to
15   grant her three weeks to deliver the requested discovery."

16   It should be noted first that the court has asked the deputy clerk to direct counsel to file his
17   letter on the docket of the case, but counsel has not yet done so. Second, the request for a three-
18   week extension is **DENIED**. The court had ordered that this discovery must be tendered by June
19   16, 2021, in order for it to be used to assist in shaping and developing the record in the COE
20   hearing, however, the above-described maneuvering by PPN made that impossible. During the
21   COE hearing, the court made it clear that the record would remain open until PPN complies with
22   the June 11th discovery order – in which regard, the court expected that PPN would *finally* comply
23   with that order within a day or two at most, such that the court could afford Plaintiff a few days to
24   review the materials and submit what portions it might want to be included in the record for the
25   COE claim. Instead, PPN now seeks to delay this process by another three weeks without
26   providing good cause for the failure to comply with the June 11th order or accounting for the time
27   that has passed since that order and since Judge Orrick's order affirming it.

28   Accordingly, PPN is **ORDERED** to fully comply with the court's June 11th order no later

than 12:00 noon on Wednesday, July 14, 2021. No further extensions will be granted. If PPN fails to meet this deadline, Plaintiff is **ORDERED** to promptly inform the court by filing a notice to that effect on the docket such that the court can immediately issue an order directing PPN and its counsel to appear at a hearing wherein they will have an opportunity to show cause why they should not be jointly or individually sanctioned. Assuming that PPN complies with this order and tenders the subject discovery on or before this deadline, Plaintiff is directed to file any supplemental evidentiary submission (pertaining to this discovery) it wishes no later than Monday, July 19, 2021. Thereafter, in the event that Plaintiff or PPN are interested in filing any post-hearing briefing (not to exceed 15 pages, double-spaced, per party), they are **ORDERED** to do so no later than 12:00 noon on Friday, July 23, 2021. Let the parties be forewarned that, absent a <u>prior</u> court order permitting a late filing, any party's failure to file a timely brief at or before the 12:00 noon deadline on July 23rd will result in the forfeiture of that Party's ability to submit post-hearing briefing at all. In the event that PPN fails to meet the deadline to complete the discovery – which it has now twice been ordered to provide – at or before 12:00 noon on July 14, 2021, and it becomes necessary to take a detour into proceedings geared towards appropriately sanctioning PPN and/or its counsel, then the schedule for Plaintiff's post-hearing evidentiary submission and both Parties' post-hearing briefing will be stayed until further order of the court following the definitive resolution of the discovery issue through the issuance of sanctions.

**IT IS SO ORDERED.**

Dated: July 6, 2021

ROBERT M. ILLMAN
United States Magistrate Judge